UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMY WEST, individually and on Behalf of a class of persons similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>PSS WORLD MEDICAL, INC., )<br>)<br>Defendant. ) | Case No. 4:13CV574 CDP |

# **MEMORANDUM AND ORDER**

This putative class action is before the Court on three motions: plaintiff Jimmy West's motion to file a first amended complaint, defendant PSS World Medical Inc's motion for an order denying Rule 23 class certification, and plaintiff's motion to compel.

West seeks to amend his complaint to assert additional causes of action against defendant PSS World Medical, Inc., including claims for breach of contract, quantum meruit, and unjust enrichment.  West argues that the proposed amendments are based on information recently received through from defendant through depositions and other discovery; that they involve the same issues raised in the original complaint; and that they would serve mostly to extend the recovery period.  Defendant PSS World Medical opposes West's motion to amend.  It

argues that West has failed to show the good cause required to amend after the pleading amendment deadline has passed; that it would be unduly prejudiced by the amendments; and that the proposed amendments are futile.

After careful consideration, I will deny plaintiff West's motion to amend, because I agree that it has not shown good cause. Because I find that ruling on defendant's motion to deny class certification is impracticable at this time, I will also deny that motion.

Finally, I conclude that a recently filed emergency motion to compel indicates that much of the information contained in the pending motion to compel is no longer accurate, and so part of that motion is moot. On the parts that do not appear to have been mooted by recent events, I agree with defendant, and so will deny the motion to compel.

## Discussion

A.  Plaintiff's First Motion to Amend

As a general rule, leave to amend a party's pleadings should be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a). Different considerations apply, however, when a party moves to amend his pleadings after a deadline established in a scheduling order. In particular, because Fed. R. Civ. P. 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent," the Eighth Circuit Court of Appeals requires parties to show

good cause before amending their pleadings if they move to amend after the deadline established in the scheduling order. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).

In considering whether a movant has shown good cause, a district court must first examine the movant's diligence in attempting to meet the requirements of the scheduling order. *Sherman*, 532 F.3d at 716. If the court determines that the movant was diligent, it may then consider the undue prejudice to the nonmovant resulting from the proposed modification of the scheduling order. *Id.* at 717.

In this case, the deadline for amending pleadings and joining parties was set for August 2, 2013. This deadline, like the others in the Case Management Order, was based on a proposal made jointly by the parties. West filed his motion to amend his complaint on September 12, 2013, a month after this deadline had passed. Therefore, I will apply the "good cause" standard set forth in Rule 16, Fed. R. Civ. P.

West argues that he acted diligently in attempting to meet the pleading amendment deadline. He points out that PSS World Medical refused to schedule depositions of its representatives until after the August 2 pleading amendment deadline, and that he filed his motion to amend just one week after he was able to take those depositions. He contends that the new deposition testimony confirmed

that PSS World Medical's meal break policies and practices have not changed since at least 2009.  West argues that before these depositions took place, he was not aware that the policies had been in place that long because he did not begin working for PSS World Medical until December 2011.  Essentially, West argues that the depositions revealed "newly discovered facts" that amount to good cause for amending his complaint.

I disagree.  The deadline for amending the pleadings and joining new parties was August 2, 2013.  West states that he expressed concern about an earlier pleading amendment deadline proposed by PSS World Medical.  Nonetheless, West agreed to the August 2 deadline.  Assuming that, as West asserts, PSS World Medical refused to schedule any depositions before that date, West could have requested an amendment of the case management order.  His failure to do so does not demonstrate that the amendments deadline "[could not] reasonably [have been] met despite the diligence of the party seeking the extension."  *Sherman*, 532 F.3d at 717 (quoting Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment)).

Further, West does not explain why he could not have added the three proposed claims before the pleading amendment deadline.  He states that he was not aware of PSS World Medical's meal break policies and practices in 2009 because his tenure did not begin until December 2011.  Nonetheless, in his original

– 4 –

complaint, he was able to assert claims under the Missouri Minimum Wage Law and the Fair Labor Standards Act whose putative class periods dated back to March 27, 2011 and March 27, 2010, respectively.  He does not adequately explain why he could not have asserted the proposed common law claims at the same time.

West finally contends that his motion should be granted because it will cause defendant no undue prejudice.  But because West was not diligent in seeking this amendment, the potential prejudice to defendants or lack thereof is not at issue. *See Sherman*, 532 F.3d at 717.

B.    Defendant's Motion for Denial of Class Certification

Federal Rule of Civil Procedure 23(c)(1) requires a district judge to determine "as soon as practicable" whether a class action can be so maintained.  A district court may, in its discretion, consider a motion to deny class certification before a motion to certify a class has been filed.  *See In re Baycol Prods. Lit.*, 593 F.3d 716, 720 n.2 (8th Cir. 2010) (citing *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939–40 (9th Cir. 2009), *vacated on other grounds*, 131 S. Ct. 2368 (2011).

Although some discovery related to class certification has been completed, the parties have further depositions scheduled and there are still ongoing discovery disputes.  Additionally, both parties have sought extensions of time to file briefs

related to class certification.  I therefore find that it is not yet practicable to determine whether a class action can be maintained in this matter.

C.     Motion to Compel

The pending motion to compel was filed in October.  A large part of what it sought was emails, and it stated that defendant had not produced any emails.  This week plaintiff filed an emergency motion to compel, which I resolved at a telephone conference.  That new motion indicated that a large number of emails have now been produced, including emails from the custodians listed in the original motion.  I conclude that the motion is moot with regard to the emails, and will deny it as such.

As to the privilege log, just as I do not believe it is necessary for lawyers to amend and update a privilege log each time they send their client a letter about the pending case, I do not believe it is necessary for defendant to produce a privilege log when the only documents it has withheld are communications between the trial team and the client specifically about this lawsuit.

Finally, plaintiff asks me to compel defendant to disclose whether there have been changes in a certain part of its timekeeping system.  Defendant has told plaintiff, in a variety of ways including sworn deposition testimony, that there have not been changes.  Plaintiff says that is incorrect, and seeks to compel yet another answer to the question.  This sounds like impeachment, not a motion to compel.

Defendant has answered the question.  If plaintiff believes the answer provided is untrue, it can raise that at trial, but I cannot compel defendant to give an answer that is more satisfactory to plaintiffs than the one defendant has already given.

Accordingly,

**IT IS HEREBY ORDERED** that West's motion for leave to file first amended complaint [#32] is denied.

**IT IS FURTHER ORDERED** that defendant's motion for an order denying class certification [#30] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [#43] is denied.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of December, 2013.