UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMY WEST, individually and on behalf of a class of persons similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) PSS WORLD MEDICAL, INC. a Florida ) Corporation, ) ) Defendant. ) | Case No: 4:13-cv-00574-CDP |

**PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff, individually and on behalf of a class of persons similarly situated, by his undersigned counsel, for his unopposed motion for attorneys' fees and costs, states:

Under the parties' settlement agreement, which was negotiated at arms' length and through a mediation with a nationally recognized mediator, the amount to be paid to Plaintiffs' counsel – fees of roughly 33% of the Gross Settlement Amount and costs of $25,997.44 – is reasonable. As the attached Declarations of Plaintiff's counsel demonstrate, they have spent over 650 hours prosecuting this case. (Exs. A, ¶ 10; B, ¶ 11; and C, ¶ 6). Among other things, at their own risk they spent considerable time and resources doing the following:

- Investigating the parties' claims and defenses and regularly communicating (and frequently meeting in-person) with the named and opt-in Plaintiffs after the filing of the complaint and during the discovery process;

- Preparing pleadings and detailed interrogatory and document production requests to Defendant, and answering Defendant's detailed interrogatories and document production requests;

- Exchanging and reviewing over 7,000 pages of documents during discovery;

- Conducting seven (7) depositions, including Rule 30(b)(6) corporate

- representatives, in St. Louis, Missouri; Houston, Texas, Jacksonville, Florida, and Denver, Colorado;

- Retaining a statistics Professor Emeritus from the University of Chicago business school to review and analyze approximately 5,000,000 lines of driving and activity data from dozens of drivers in several states over several years;

- Engaging in many detailed discovery conferences with opposing counsel; and

- Preparing for and attending mediation in San Francisco, California with an experienced wage and hour mediator.

In prosecuting the case, Plaintiff's counsel incurred $25,997.44 in expenses, which includes the costs for the mediator, the mediation process, travel expenses, expert fees and deposition transcripts.[1]

Plaintiff's counsel's fee request is fair and reasonable in light of the favorable results they achieved for the individual class members, which are set forth in the Joint Stipulation of Settlement and related exhibits [Doc. No. 65] ("Joint Stipulation"), filed under seal on March 17, 2014.  By reviewing these submissions, the Court can ascertain that the payments allocated to the individual class members are objectively fair and reasonable.  Settlement class members will receive substantial relief without having to provide or respond to written discovery, without having to sit for depositions, or go through a trial in which they would not only have to prevail on liability, but would also have to prove their alleged hours worked.  The parties' settlement provides immediate benefit to settlement class members, avoiding the expense, risks, defenses and delays of certification briefing, trial and appeals.

Also, the scope of the release to be executed by the individuals who elect to participate in the settlement is not expansive in nature. They will only release wage and hour claims under applicable federal and state law. The limited nature of the release exemplifies the results

---

[1] *See* Ex. A, ¶ 10.

achieved for the FLSA class. *See Ramah Navajo Chapter v. Babbitt*, 50 F.Supp.2d 1091, 1103-04 (D.N.M. 1999) (noting that the limited, rather than general, nature of the release as further evidence of an exceptional result in favor of class members).

Based on historical awards of attorneys' fees in similar FLSA cases in Missouri and elsewhere, the percentage of the total recovery requested – approximately 33% – is presumptively reasonable. In other FLSA collective action settlements, attorney fees of 33% of the settlement fund have been regularly approved. *Roberts v. Dawn Food Products* Case no.: 11-00018AGF (E.D. Mo. April 5, 2013) (order approving attorneys' fees at 33% plus expenses); *Whinery v. Steel Ventures, LLC.,* Case no.: 12-0093 (W.D. Mo. Nov. 6, 2012) (order approving attorneys' fees at 33%); *Carden v. Scholastic Book Clubs Inc.,* Case No.: 10-1112 (W.D. Mo. Sep. 11, 2012) (order approving attorneys' fees at 33%); *Busler et al. v. Enersys Energy Products Inc., et al.*, Case no.: 09-0159 (W.D.Mo. April 6, 2010) (order approving attorneys' fees and expenses at 33%); *Barnwell, et al. v. Corrections Corp. of America*, Case no.: 08-2151 (D.Kan. February 12, 2009) (order approving attorneys' fees and expenses at 33%); *Braun v Superior Industries International Inc.*, Case no. 09-2560 (D.Kan. July 28, 2011) (order approving attorneys' fees and expenses at 33%); and *Loyd v. Ace Logistics, L.L.C. et al*, Case no.: 08-00188 (W.D.Mo. Aug. 9, 2011) (order approving attorneys' fees at 33%). The amount sought here is consistent with Plaintiffs' counsel's prior experiences and is supported by established case law.

Courts are in agreement that attorneys' fees in the 30%+ range of the settlement fund in FLSA cases are reasonable. *See, Hamilton, et al. v. ATX Services Inc.*, Case no: 08-0030-SOW (W.D.Mo. May 6, 2008) (Order under seal approving attorneys' fees and expenses at 34%); *Morak, et al. v. CitiMortgage, Inc.,* Case no.: 07-1535 (E.D.Mo. September 26, 2008) (order under seal approving attorneys' fees and expenses at 33%), *Staton v. Cavo Communications,*

3

*Inc.,* Case no.: 08-0273 (E.D.Mo. January 14, 2009) (order under seal approving attorneys' fees and expenses at 33%); *Horn, et al. Principal Financial Group, Inc. & Principal Residential Mortgage, Inc.,* 05-CV-2032-KHV (D.Kan. Dec. 2, 2005) (awarding 30% of settlement fund made available to eligible plaintiffs), *Qualls v. Sanofi-aventis U.S. LLC*, Case no.: 06-0435-CVW-SOW (W.D.Mo. Dec. 4, 2006) (awarding counsel 30% of settlement fund made available to eligible plaintiffs); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174 (W.D.N.Y. 2005) (approving fee award of 38.26% of total settlement fund in FLSA collective action and Rule 23 action case); *Kedrick v. ABC Television Appliance Rental*, 1999 WL 1027050 (N.D. W.Va. 1999) (approving 30% fee award of common fund in FLSA collective action and Rule 23 class action case).

A review of settlements in other districts reveal that a 23%-50% fee request is reasonable under common fund employment class actions. In *Vaszlavik v. Storage Tech Corp.*, 2000 U.S. Dist. LEXIS 21140,* 4-5 (D.Colo. 2000), the court addressed an ADEA and ERISA class action. The court approved a 30% contingency fee be paid against the common fund. The court stated "fees for class action settlements generally range from 20%-50%." *Id.* (quoting *Maywalt v. Parker and Parsley Petroleum Co.,* 963 F. Supp. 310 (S.D.N.Y. 1997); citing *In re Rio Hair Naturalizer Prods. Liab. Litig.,* 1996 U.S. Dist. LEXIS 20440, 1996 WL 780512, *14 (E.D. Mich. 1996); *In re Combustion, Inc.*, 968 F. Supp. 1116, 1132). In *Carlson v. C.H. Robinson Worldwide, Inc.*, 2006 U.S. Dist. LEXIS 67108, *19-20 (D.Minn. 2006), the court addressed fees in a sex harassment class action. It allowed a percentage of the total fund at 35.5%. In *Lucas v. Kmart Corp.*, 2006 U.S. Dist. LEXIS 51420 (D.Colo. 2006), the court was faced with an attorneys' fee issue in an ADA class. There, the court allowed a contingent fee against the common fund for fees at 30%. All of this authority supports the parties' position that the Joint

4

Stipulation's terms as to Plaintiffs' counsel's fees, costs, and expenses are reasonable, and should be approved.

Wage and hour class actions alleging nationwide claims require time-consuming and complex discovery. Here, the undersigned counsel took this case on a contingency basis and there was absolutely no promise of being paid for the time spent litigating it or reimbursement for the significant costs and expenses incurred. Still, Plaintiff's counsel engaged in extensive written discovery and motion practice, took seven (7) depositions in four different states, analyzed detailed and complex driving and activity electronic data for over 50 class members from four states over several years' time, and prepared for and participated in a day-long mediation. The complexity of this action is underscored by the fact that there are over 600 different individuals from dispersed geographical locations across the country who are eligible to participate in the settlement. Plaintiff's counsel alone undertook the financial risk of potentially unsuccessful litigation.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order granting this motion and approving the parties' Joint Stipulation as a fair, just, and reasonable resolution of Plaintiff's wage and hour claims and for such further and other relief as the Court deems just and proper in the premises.

> Respectfully submitted,
> JIMMY WEST, individually and on behalf
> of a class of persons similarly situated,
>
> By: /s/ Thomas M. Ryan
>         One of Plaintiff's Attorneys

David T. Butsch
Christopher E. Roberts,
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
Phone: 314-863-5700
Fax: 314-863-5711
Butsch@butschroberts.com
Roberts@butschroberts.com

Thomas M. Ryan
Law Office Thomas M. Ryan, P.C.
35 East Wacker Drive
Suite 650
Chicago, Illinois  60601
312-726-3400
tom@tomryanlaw.com

James X. Bormes
Catherine P. Sons
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Suite 2600
Chicago, Illinois 60603
(312) 201-0575
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

## **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that on this 17th day of March, 2014, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                          /s/ Thomas M. Ryan