UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMY WEST, individually and on behalf of a class of persons similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PSS WORLD MEDICAL, INC., )<br>)<br>Defendant. ) | Case No. 4:13 CV 574 CDP |

## **MEMORANDUM AND ORDER**

The parties have entered into an agreement to settle the above-captioned action, subject to the court's approval, according to the terms and conditions set forth in the Joint Stipulation of Settlement ("Joint Stipulation") and related exhibits, filed under seal on March 17, 2014. At the request of the parties, this matter is now before the court for final approval of the Joint Stipulation and dismissal of this action with prejudice, as well as the plaintiff's unopposed motion for attorneys' fees and costs. For the reasons stated below, I will grant both motions.

### *Joint Stipulation*

This action, filed on March 27, 2013, has been pending for approximately one year, during which the parties have engaged in extensive discovery and motion

practice to muster evidence, narrow the issues, and determine the scope of alleged liability. The parties' settlement agreement was reached following an arm's-length mediation conference, with an experienced class action mediator, at which the parties were represented by competent counsel.

The Joint Stipulation represents a fair, reasonable and adequate resolution of bona fide disputes between the parties, as to liability and damages, under the Fair Labor Standards Act and the Missouri Minimum Wage Law. The plaintiff's counsel has certified that the Joint Stipulation is in the best interests of the named plaintiff and the similarly situated individuals he purports to represent.

The proposed notice and claims process set forth in the Joint Stipulation are a reasonable and appropriate means by which potential opt-in plaintiffs may elect to participate in and receive money from the settlement if they so choose.

The parties should use their best efforts to resolve any disputes arising out of or relating to the Joint Stipulation before seeking court intervention, including submitting any disputes to the mediator who facilitated the settlement (as set forth in the Joint Stipulation). This court shall, however, have continuing jurisdiction to construe, interpret and enforce the provisions of this Joint Stipulation, and to hear and adjudicate any dispute or litigation arising from the Joint Stipulation.

## *Attorneys' Fees and Costs*

With respect to attorney's fees, the Eighth Circuit has held that in common fund cases such as this one, where attorney fees and class members' benefits are distributed from one fund, a percentage-of-the-benefit method may be preferable to the lodestar method for determining reasonable fees. *See Johnston v. Comerica Mortg. Co.*, 83 F.3d 241, 244–46 (8th Cir. 1996) (involving a class action of residential mortgagors against mortgagees); *In re United States Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (affirming district court's award of 36 percent of settlement fund as attorney's fees).

In this case, the court believes that 33 percent is a reasonable percentage for attorney's fees. It is appropriate to apply a reasonable percentage to the gross settlement fund. *Ramsey v. Sprint Commc'ns Co.*, No. 4:11-CV-3211, 2012 WL 6018154, at *4 & n.1 (D. Neb. Dec. 3, 2012) (approving a fee of 26 percent of gross fund because "[t]he available settlement funds are an appropriate measure of the benefit accrued by the class members, regardless of whether the full measure of that sum is actually claimed"). Upon review of the record, including affidavits from the plaintiff's attorneys, the relief provided under the Joint Stipulation, and the nature of the release of claims in this case, the court confirms that the fee request is fair and reasonable. In addition, the amount requested for costs, which included expenditures related to mediation, travel, expert fees, and depositions, is

reasonable. *See Keslar v. Bartu*, 201 F.3d 1016, 1017 (8th Cir. 2000) (affirming costs awarded by district court).

Based on the foregoing,

**IT IS HEREBY ORDERED** that the parties' joint motion for settlement approval [#64] and the plaintiff's unopposed motion for attorney fees [#66] are granted. The Joint Stipulation is approved and hereby incorporated by reference as part of this order. This action is **DISMISSED WITH PREJUDICE** in its entirety. The parties will bear costs and fees in accordance with the terms of the Joint Stipulation.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of April, 2014.